UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HERVIN TALLEY, | ) | |
|        Petitioner, | ) | |
| v. | ) | 1:16-cv-2304-SEB-TAB |
| | ) | |
| SUPERINTENDENT, Westville | ) | |
|  Control Unit, | ) | |
|        Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Hervin Talley was convicted in an Indiana state court of unlawful possession of a firearm by a serious violent felon and resisting law enforcement. *Talley v. State*, No. 49A05-1507-PC-1005 (Ind.Ct.App. Feb. 8, 2016). He sought a writ of habeas corpus in No: 2:16-cv-00059-WTL-MJD which, after briefing and the filing of an expanded record, was denied on June 20, 2016. Applying the rule established in *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), a post-judgment motion was ordered to be processed as a new habeas action and this action resulted. The post-judgment motion ("motion to correct error") in No: 2:16-cv-00059-WTL-MJD was re-docketed as the habeas petition in this action.

The habeas petition in No: 2:16-cv-00059-WTL-MJD was denied and the action was dismissed with prejudice. This was a disposition on the merits. *Gonzalez,* 545 U.S. at 532 n.4 (a habeas petition is adjudicated on the merits when "a determination [was made] that there exist or

do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)").

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 9/13/2016

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HERVIN TALLEY
231273
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391